(78 South. 559)

No. 21346.

LOWE v. KANSAS CITY SOUTHERN RY. CO.

(April 1, 1918. Rehearing Denied April 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. RAILROADS ⬯278(1)—INJURY ON TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff, who boarded defendant's standing train to talk with a passenger, and, after alighting, started across a main track toward the station, knowing that an incoming train was due, and who had been warned of danger by the station agent and by the whistle of the incoming train, and who might have stood in safety between the two trains had he stopped, looked, and listened, was guilty of contributory negligence defeating his recovery for injury when struck by incoming train.

2. RAILROADS ⬯278(6)—PERSONAL INJURY—LAST CLEAR CHANCE.

In such case, where it was impossible for the engineer of the train which struck plaintiff to have seen the danger in time to have avoided the accident, the doctrine of last clear chance had no application.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by Thomas Lowe against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant appeals. Judgment reversed, and plaintiff's demand refused.

Alexander & Wilkinson, of Shreveport, for appellant. Foster, Looney & Wilkinson, of Shreveport, for appellee.

LECHE, J. Defendant appeals from a judgment, based on a verdict for $5,500, rendered against it in an action in damages for personal injuries.

[1] Plaintiff was seriously injured and maimed by one of defendant's trains at Blanchard Station, in the parish of Caddo, about 9:30 o'clock in the forenoon of June 17, 1913, under the following circumstances: Plaintiff had gone to the railroad station to use the telephone, and there he found out that he could get the information which he wanted, from some of the passengers on a south-bound local train which was then due. The expected train arrived on time, and pursuant to a regulation of the defendant company, well known to plaintiff, entered into a siding or passing switch, and stopped opposite the station, where it had to wait in order to meet a north-bound train coming in on the main track located between the siding and the station. In pursuance of the object of his visit to the station, plaintiff, in order to speak to a Mr. Ellett, who was a passenger on the south-bound train, walked

over and across the main track, and mounted the step of the coach while Mr. Ellett stood on the platform. While he was thus engaged in conversation, the north-bound train was approaching the station and the south-bound train began moving southward. Plaintiff got off the step where he had been talking and started back across the main track towards the station platform just in time to be struck by the incoming train. Plaintiff knew that the two trains met at this place, he was warned of danger by the station agent and by several short blows of the whistle of the north-bound train, but we judge from his testimony that he did not hear the warnings at all, or, if he heard them, he did not do so in time to save himself. His mind was evidently absorbed with the matters which he had discussed with Mr. Ellett, and he became oblivious of his surroundings.

[2] The railroad track curves outward from the station at Blanchard, and a person near a standing train, on the outer or passing track, can only see southward to a distance, estimated by defendant's conductor, of 250 to 300 feet. The whole situation, however, and its danger was well known to plaintiff. He might have stood in safety, between the two trains had he stopped, looked, and listened, but he failed to exercise the ordinary care which the time, place, and circumstances plainly required of him. Although the defendant might also have been negligent, the only theory upon which plaintiff could recover would be under the last clear chance doctrine. But the record shows that it was impossible for the engineer to have seen the danger in time to avoid the accident, and therefore that doctrine has no application to the facts of this case.

The judgment appealed from is avoided and reversed, and plaintiff's demand refused at his cost.